UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>**Sorreda Transport, LLC**</u>

    v.                                                             Case No. 19-cv-1226-PB

<u>**Federal Motor Carrier Safety Administration**</u>

**<u>REPORT AND RECOMMENDATION</u>**

    Plaintiff Sorreda Transport, LLC, ("Sorreda Transport" or "Plaintiff") seeks review of a final order of the United States Department of Transportation's Federal Motor Carrier Safety Administration ("FMCSA" or "Defendant") in which the FMCSA affirmed its "unsatisfactory" safety rating of Sorreda Transport. On December 12, 2019, Sorreda Transport filed a complaint (Doc. No. 1) and an ex parte motion for a temporary restraining order ("TRO") (Doc. No. 2), seeking to stay the application of the safety rating pending judicial review of the final order. The district judge referred the motion to the Magistrate Judge for a Report and Recommendation on its disposition under 28 U.S.C. § 636(b)(1)(B).

    On December 13, 2019, the court issued an order to show cause (Doc. No. 4), requiring Sorreda Transport, <u>inter</u> <u>alia</u>, (1) to demonstrate its efforts to notify the FMCSA of their motion as required by Rule 65(b) of the Federal Rules of Civil Procedure and (2) to explain how the claimed injury in the TRO

is "immediate and irreparable." Sorreda Transport filed a memorandum of law (Doc. No. 5) in response to the show cause order that same day. The court held a telephone conference with the parties on December 16, 2019 to discuss further the TRO and whether this court has jurisdiction. For the reasons that follow, the court recommends that the district judge deny the ex parte motion for a TRO and dismiss the complaint, because this court lacks subject matter jurisdiction over Sorreda Transport's claims.

## I.   BACKGROUND

Sorreda Transport's complaint stems from the results of a compliance review conducted by the FMCSA in May 2019, which resulted in "an 'unsatisfactory' safety rating." Compl., Doc. No. 1 at 2 ¶ 6. Sorreda Transport petitioned for administrative review and final adjudication of the safety rating, challenging certain violations identified by the FMCSA investigators. Doc. No. 1 at 2 ¶ 7, 3 ¶¶ 10–12, 4 at ¶ 13. The FMCSA affirmed its rating and issued a final order on November 26, 2019. Final Order on Pet. for Admin. Review of Proposed Unsatisfactory Safety Rating, Doc. No. 1-1 at 15. Sorreda Transport has maintained that, without the TRO to stay the "unsatisfactory" rating during the pendency of this case, it "will be forced to lay off [its] drivers and shut down." Ex Parte Mot. for TRO, Doc. No. 2 at 1 ¶ 2.

## II. DISCUSSION

Before addressing the substantive sufficiency of Sorreda Transport's allegations, the court must assess whether it has subject matter jurisdiction over plaintiff's suit. See Acosta Ramirez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013) ("Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case."). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The plaintiff has the burden to establish the court's jurisdiction. Calderón–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

Congress has provided broadly for the circuit court of appeals to have "exclusive jurisdiction" over several agency actions, including final orders of the Secretary of Transportation, through the Hobbs Act.[1] 28 U.S.C. § 2342; accord

---

[1] "The Hobbs Act referenced . . . [at] 28 U.S.C. §§ 2341–2351, which governs the review of various administrative rules, regulations, and orders, should not be confused with the Act of the same name that criminalizes interstate robbery and extortion, 18 U.S.C. § 1951." Chhetri v. United States, 823 F.3d 577, 581 n.3 (11th Cir. 2016). The former was also formerly known as the Administrative Orders Review Act. Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatl., 400 U.S. 62, 70 (1970).

Pornomo v. United States, 814 F.3d 681, 690 (4th Cir. 2016) ("More specifically, Congress has granted the courts of appeals exclusive jurisdiction to determine the validity of "all rules, regulations, or final orders of the Secretary of Transportation issued pursuant to ... subchapter III of chapter 311 ... of title 49," which includes 49 U.S.C. § 31144." (citing 28 U.S.C. § 2342(3)(A))). Congress also has specifically provided for judicial review of the FMCSA's final orders "in the United States Court of Appeals in the circuit wherein the violation is alleged to have occurred or where the violator has his principal place of business or residence, or in the United States Court of Appeals for the District of Columbia Circuit." 49 U.S.C. § 521(b)(9); accord 49 C.F.R. § 386.67(a).

"Generally, when jurisdiction to review administrative determinations is vested in the courts of appeals these specific, exclusive jurisdiction provisions preempt district court jurisdiction over related issues under other statutes." Connors v. Amax Coal Co., Inc., 858 F.2d 1226, 1231 (7th Cir. 1988). Such a provision "'disfavors bifurcating jurisdiction over various substantive grounds between district court and the courts of appeals.'" Id. (quoting City of Rochester v. Bond, 603 F.2d 927, 936 (D.C. Cir. 1979)) (citing United Transp. Union v. Norfolk & W. Ry. Co., 822 F.2d 1114, 1120–21 (D.C. Cir. 1987), cert. denied, 484 U.S. 1006, 108 S. Ct. 700, 98 L.Ed.2d 651

4

(1988); General Fin. Corp. v. FTC, 700 F.2d 366, 368 (7th Cir. 1983); Assure Competitive Transp., Inc. v. United States, 629 F.2d 467, 471 (7th Cir.1980); Envtl. Def. Fund, Inc. v. EPA, 485 F.2d 780, 783 (D.C. Cir. 1973)).

Recently, the District of Massachusetts addressed whether a district court may hear an appeal of a final order issued by the FMCSA. See generally, Bryson v. United States, 381 F. Supp. 3d 124 (D. Mass. 2019) (Gorton, J.). The facts of that case mirror the facts presented by Sorreda Transport. In Bryson, the plaintiff challenged the FMCSA's final order imposing civil penalties against him. Id. at 126. After receiving the final order in October 2018, the plaintiff filed his complaint in the District of Massachusetts, which he followed with a motion for preliminary injunction in January 2019 to stay enforcement of the penalties. Id. The court held that the only courts available for judicial review of final agency action were the circuit courts listed in 49 U.S.C. § 521(b)(9) and the FMCSA's regulation at 49 C.F.R. § 386.67(a). Id. at 127–28. Accordingly, the court dismissed the complaint for lack of subject matter jurisdiction in the district court and denied the plaintiff's motion for a preliminary injunction as moot. Id. at 128.

This case falls squarely within the parameters set forth in Connors by the Seventh Circuit and in Bryson in the District of Massachusetts. The FMCSA has issued a final order assessing

5

civil penalties against Sorreda Transport, and so Sorreda Transport may seek judicial review only in the appropriate circuit court of appeals and not in this court under the express provisions of 49 U.S.C. § 521(b)(9) and 49 C.F.R. § 386.67(a). During the December 16, 2019 telephone conference with the court, Sorreda Transport argued, however, that the TRO seeks relief that a circuit court of appeals cannot grant, namely staying the application of the safety rating during judicial review and examining the legitimacy of the evidence presented against Sorreda Transport during the administrative proceeding. To that end, Sorreda Transport asserts that the case must remain in the district court.

This argument is not persuasive based on the weight of statutory authority to the contrary, namely the Hobbs Act and the statute and regulation that govern specifically judicial review of the FMCSA's final orders. Furthermore, Rule 18 of the Federal Rules of Appellate Procedure provides a clear process for moving "for a stay pending review of [the agency's] decision or order" that contemplates the jurisdiction of a circuit court of appeals. Fed. R. App. P. 18. This rule is contained within an entire section of the Federal Rules of Appellate Procedure that deals with appeals and enforcement of administrative orders. See Fed. R. App. P. 15-20. Therefore, I recommend that the district court deny the ex parte motion for a TRO and dismiss the

6

complaint for lack of subject matter jurisdiction but do so without prejudice to refiling in a court of competent jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the court recommends dismissing the complaint (Doc. No. 1) and denying the ex parte motion for a TRO (Doc. No. 2) without prejudice. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Fed. R. Civ. P. 72(b)(2); Santos-Santos, 842 F.3d at 168.

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

December 23, 2019

cc: Keith Mathews, Esq.